UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DELCATH SYSTEMS, INC. and : | |
| M.S. KOLY, individually and as a : | |
| Director of Delcath Systems, Inc. : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:05-cv-1281 (JCH) |
| ELIZABETH ENNEY, : | |
|     Defendant. : | MAY 25, 2006 |

**RULING RE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 24]**

The plaintiffs, Delcath Systems, Inc. ("Delcath") and M.S. Koly ("Koly"), bring this action against the defendant, Elizabeth Enney, asserting causes of action under Connecticut law for defamation, intentional infliction of emotional distress, invasion of privacy, negligent infliction of emotional distress, and negligence. Enney now moves under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) to dismiss this action for lack of personal jurisdiction and improper venue.[1] For the following reasons, Enney's motion to dismiss is GRANTED in part and DENIED in part.

**I. FACTUAL BACKGROUND**[2]

Delcath is a Delaware corporation with its principal place of business in Stamford, Connecticut. Koly resides in Connecticut and is the President, Chief

---

[1] Enney's previous motion to dismiss [Doc. No. 10] was denied in moot in light of the plaintiffs' amended complaint. See 1/18/06 Order [Doc. No. 26]. The potential defects in the service of process that were raised by Enney in her previous motion to dismiss appear to have been cured, and she has not renewed her service-related issues in her second motion to dismiss. See Returned Summons, 1/11/06 [Doc. No. 25].

[2] For purposes of this motion to dismiss, the court takes the facts alleged in the plaintiff's complaint, affidavit, and exhibits as true and draws all inferences in plaintiff's favor. See Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001); Credit Lyonnais Secs. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999).

Executive Officer, and Treasurer of Delcath, and also serves as a Director of Delcath. Enney is a resident of Georgia.

The allegations giving rise to this action concern the actions of Enney in transmitting certain messages from Georgia, by facsimile, email, and phone, regarding Koly and Delcath, to individuals attending a meeting of the Rolls-Royce Owners Club ("RROC") in Greenwich, Connecticut in July 2005. Specifically, Delcath and Koly assert that statements made regarding Delcath and Koly in a July 30, 2005 fax sent by Enney to the president of the RROC in Connecticut; a July 30, 2005 email sent by Enney to 36 recipients, 13 of whom were in Connecticut at the time it was transmitted; and several other emails and verbal communications (which are not alleged to have necessarily occurred in, or reached, Connecticut), were false and defamatory. These allegations provide the basis for Koly and Delcath's causes of action of defamation, intentional infliction of emotional distress, invasion of privacy, negligent infliction of emotional distress, and negligence.

Delcath and Koly filed suit against Enney in this court in August 2005. Enney now moves to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, arguing, <u>inter alia</u>, that Enney lacks sufficient contacts with Connecticut for the assertion of jurisdiction over her under Connecticut's long arm statute, Conn. Gen. Stat. § 52-59b, and under the Fourteenth Amendment of the United States Constitution. Delcath and Koly argue that Enney's transmissions of messages to recipients in Connecticut provide a basis for personal jurisdiction over Enney.

**II.     LEGAL STANDARD**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Met. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). "Where a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." DiStefano, 286 F.3d at 84. "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)(quotation marks omitted). All allegations are construed "in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Id. (quotation marks omitted).

### III. DISCUSSION

#### A. Jurisdiction

"In diversity or federal question cases the court must look first to the long-arm statute of the forum state . . . ." Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). "Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the [defendant]. Second, if the statute does reach the [defendant], then the court must decide whether that exercise of jurisdiction offends due process." Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir.1995).

Connecticut's personal long arm statute provides, in pertinent part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn.Gen. Stat. § 52-59(a).

While the bulk of Enny's memorandum in support of her motion to dismiss is directed toward arguing that jurisdiction is not available over her under section 52-59b(a)(3), Delcath and Koly contend that jurisdiction is available under section 52-59(a)(2). As Delcath and Kely point out, Connecticut courts have generally held that a communication whose content may be considered tortious that is sent into Connecticut from out of state constitutes a "tortious act within the state" for purposes of Connecticut's long arm statutes. See, e.g. Knipple v. Viking Comm., Ltd., 236 Conn. 602, 610 (1996) ("False representations entering Connecticut by wire or mail constitute tortious conduct in Connecticut under § 33-411(c)(4)"); Horniatko v. Riverfront Assoc., LLC, No. CV044000332S, 2005 WL 1671543, at *4 (Conn. Super. June 21, 2005) (finding solicitation phone calls to Connecticut provided basis for personal jurisdiction

under section 52-59b(a)(2)); Doe v. Oliver, No. CV990151679S, 2003 WL 21235402, at *2 (Conn. Super. May 19, 2003) (citing cases). Accordingly, the communications allegedly sent by Enney into Connecticut can constitute tortious conduct in Connecticut, and, as such, provide a basis for personal jurisdiction over Enney under section 52-59b(a)(2).

However, as the language of section 52-59(a) indicates, a plaintiff must establish an independent basis for personal jurisdiction for each separate cause of action. See Conn.Gen.Stat. § 52-59(a) ("As to a cause of action . . ."); Jones v. Trump, 919 F.Supp. 583, 586 (D.Conn. 1996). By its language, Section 52-59(a)(2) does not provide jurisdiction for defamation claims.[3] See Trump, 919 F.Supp. at 586; Irwin v. Mahnke, 3:05CV976, 2006 WL 691993, at *3 (D.Conn. March 16, 2003). Accordingly, Enney's motion to dismiss is GRANTED as to Delcath and Koly's defamation claims (i.e.,

---

[3]In their opposition to Enney's first motion to dismiss their complaint, the plaintiffs cite to several Connecticut cases for the proposition that Connecticut courts can, at least in some circumstances, have personal jurisdiction over an out-of-state defendant under section 52-59b for a defamation claim. The reasoning of these cases is unpersuasive in light of the clearly expressed intent of the Connecticut legislature, in section 52-59(a)(2), to exclude defamation claims from the long arm jurisdiction of Connecticut courts. The court in Braunstein v. Hayes & Thynne, P.C., CV 91 0117928, 1993 WL 55277, at *2 (Conn.Super. Feb. 16, 1993), however, only discussed defamation claims in the context of Conn.Gen.Stat. § 33-411(c), not Conn.Gen.Stat. 52-59b. Id. at *2. The court in Oppenheim v. Erwin, CV000441611, 2001 WL 419236 (Conn. Super. 2001) appeared to analyze its jurisdiction under section 52-59b in light of the plaintiff's emotional distress claim, and did not address the plaintiff's defamation claim separately. Id. at *4. The plaintiffs also cite to Calder v. Jones, 465 U.S. 783 (1984), for support of this proposition. The Court in Calder, however, discussed the the constitutional requirements for personal jurisdiction, and not the specific requirements of the Connecticut long arm statute. Id. at 789-90. Accordingly, the conclusion of the Superior Court in Doe v. Oliver, CV99015167S, 2003 WL 21235402, at *2-3 (Conn.Super. May 19, 2003), that it had jurisdiction over the plainitff's defamation claim, which was reached on the basis of these cases, is also unpersuasive.

Counts I through V of the plaintiffs' Amended Complaint).[4]

Enney argues that the defamation bar in Conn.Gen.Stat. § 52(a)(2) should extend to bar Delcath and Koly's other claims, as they are "based upon," and incorporate by reference, the same allegations that provide the basis for Delcath and Koly's defamation claims. The commonality of facts underlying the plaintiffs' claims, however, does not convert all of their claims into causes of action for defamation. See Oliver, 2003 WL 21235402 at *2 (rejecting argument that all of plaintiffs' claims based on a defamatory email were barred because the non-defamation claims "are causes of action distinct from any claim of defamation."); Trump, 919 F.Supp. at 586 (dismissing defamation claims under section 52-59b(a) but denying motion to dismiss as to other claims); Braunstein v. Hayes & Thynne, P.C., CV 91 0117928, 1993 WL 55277, at *2 (Conn.Super. Feb. 16, 1993) (treating defamation claims and other claims based on same conduct as distinct). Section 52-59b(a)(2), therefore, provides a basis for jurisdiction over Delcath and Koly's non-defamation claims (i.e., Counts VI through IX of their Amended Complaint).

Having determined that Connecticut's long arm statute extends to some of Delcath and Koly's claims, the court must determine whether Enney has sufficient contacts with Connecticut to satisfy jurisdictional due process requirements. "The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." Metropolitan Life Ins. Co. v.

---

[4] Delcath and Koly have not argued, nor does it appear to the court, that there is any other basis for personal jurisdiction over Enney other than section 52-59b(a)(2). Thus, Delcath and Koly cannot avoid the bar on defamation claims contained in section 52-59(a)(2) through a different jurisdictional basis.

Robertson-Ceco Corp, 84 F.3d 560, 567 (2d Cir. 1996) To accord with the demands of due process, a non-resident defendant must have "certain minimum contacts" with the forum jurisdiction "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Wash., Office of Unempl. Comp. and Pl., 326 U.S. 310, 316 (1945). "Due process requires that the foreign defendants either have engaged in continuous and systematic activities in the forum or that they have purposefully directed their activities at residents in the form and the litigation results from alleged injuries that arise out of or relate to those activities." FDIC v. Milken, 781 F.Supp. 226, 229 (S.D.N.Y. 1991) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Rudzewicz, 471 U.S. at 475. Nonetheless, "[s]o long as it creates a substantial connection with the forum state, even a single act can support jurisdiction." Id. at 475 n.18 (citing McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957)). The "reasonableness" test is related to the minimum contacts analysis and "asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable under the circumstances of the particular case." Metropolitan Life, 84 F.3d at 568 (quoting Int'l Shoe, 326 U.S. at 316).

In Cody v. Ward, 954 F.Supp. 43 (D.Conn. 1997), the district court found that a series of emails and phone calls made by a defendant to Connecticut were, in light of the nature of the communications, sufficiently substantial contacts so as to satisfy jurisdictional due process requirements. Id. at 47. Similarly, the superior court in Oliver

found that due process requirements where satisfied where a foreign defendant allegedly purposefully sent an email into Connecticut to "get even" with a plaintiff. 2003 WL 21235402 at *3. See also Margolis v. Gillam, CV94-0363504, 1995 WL 94548, at *4 (Conn. Super. Feb. 22, 1995) (citing cases in which a single defamatory communication was sufficient to comply with due process requirements). Likewise, the court finds that the communications allegedly sent by Enney by facsimile and email into Connecticut, in light of the nature of the statements allegedly contained within them, demonstrate that, if proven true, Enney purposefully directed her actions towards Connecticut such that she has sufficient contacts to satisfy due process standards, and it would not be unreasonable for the court to exercise jurisdiction over her.

### B. Venue

Enney also moves to dismiss Delcath and Koly's claims on the basis of improper venue. Section 1391 of Title 28 of the United States Code provides that, a civil action based on diversity jurisdiction may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Having concluded that, under Connecticut law, Enney's actions in allegedly transmitting allegedly tortious communications to recipients in Connecticut, "occurred" in Connecticut, the courts finds that venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2). See Wachtel v. Storm, 796 F.Supp. 114, 116 (S.D.N.Y.

1992) (finding venue was proper under section 1391(a)(2) for defamation claim in district in which publication of allegedly defamatory statements occurred).

Accordingly, Enney's motion to dismiss is DENIED as to the non-defamation claims in Delcath and Koley's Amended Complaint (i.e., Counts VI through IX).

## IV.   CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss is GRANTED as to Counts I through V of the plaintiffs' Amended Complaint and DENIED as to Counts VI through IX of the plaintiffs' Amended Complaint.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge